IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION, AT JACKSON

| | |
|---|---|
| BERNADETTE P. LEWIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: **17-CV-02720** |
| JOHN DOE, | ) ) ) |
| Defendant. | ) ) |

### NOTICE OF REMOVAL

Comes now **Allstate Property and Casualty Insurance Company** ("Allstate"), and, reserving all and not waiving any rights or defenses under T.C.A. §§ 56-7-1201 *et seq*. and other applicable law, hereby notifies the Court and the parties that Allstate hereby removes the civil action pending in the Circuit Court of Tennessee for Haywood County as *Lewis v. Doe*, Docket No. 2017-CV-4388, to the United States District Court for the Western District of Tennessee, in the Eastern Division, under 28 U.S.C. §§ 1441 and 1446, upon the following grounds:

**I. INTRODUCTION.**

1) Bernadette P. Lewis ("Plaintiff") commenced the instant civil action styled as *Bernadette P. Lewis v. John Doe*, Dkt. No. 2017-CV-4388, in the Circuit Court of Tennessee for Haywood County when she filed on August 28, 2017, her Complaint, a copy of which is attached as <u>Exhibit 1</u>.

2) As alleged by Plaintiff, she is a resident of Tennessee. (Exhibit 1, at ¶1).

3) Plaintiff further alleges that Allstate issued to her a policy of vehicular insurance, which includes provisions of uninsured-motorist coverage, and is therefore a defendant liable to her in this case. (Exhibit 1, at ¶¶4, 11). The Tennessee Insurance Commissioner shows that Allstate is a foreign company in good standing and incorporated in Illinois, records of which are attached as collective Exhibit 2.

4) A certified copy of the Allstate Property and Casualty Auto Insurance Policy issued by Allstate to Plaintiff is attached as Exhibit 3.

5) Plaintiff alleges that she sustained personal injury in a vehicular collision on September 7, 2016, in Merrillville, Indiana, when a vehicle driven by one John Doe, an un-/under-insured motorist, collided with Plaintiff's own vehicle, which Allstate contracted to insure for un-/under-insured motorist coverage. (Exhibit 1, at ¶¶3-5). Plaintiff therefore alleges against John Doe and Allstate claims for monetary damages based on these injuries under Indiana's law of tort and under Tennessee's law of contract and its statutory penalty for insurance bad faith, T.C.A. § 56-7-105. (Exhibit 1, at ¶¶7-11). Plaintiff specifically demands general damages of $250,000.00, plus the statutory bad-faith penalty. (Exhibit 1, at Demand).

6) Plaintiff served process on Allstate through the Tennessee Commissioner of Insurance on September 1, 2017, a copy of which process and related letters are attached as collective Exhibit 4.

## II. JURISDICTION.

7) The jurisdictional citizenship of the parties to the instant case is diverse. Again, Plaintiff is a citizen of Tennessee, and Allstate is a citizen of Illinois. 28 U.S.C. § 1332(a)(1) & (c)(1).

8) The amount controverted by the parties also exceeds the Court's jurisdictional threshold. Again, Plaintiff demands judgment of at least $250,000.00, plus statutory penalties, on which demand Allstate is entitled to rely for jurisdictional purposes, 28 U.S.C. § 1446(c)(2), and which is well above this Court's jurisdictional threshold of $75,000.00. 28 U.S.C. § 1332(a).

9) This Court therefore has original jurisdiction under 28 U.S.C. § 1332(a)(1), and this case is properly removable under 28 U.S.C. § 1441(a).

### III. VENUE.

10) Venue is proper in the Western District of Tennessee, in the Eastern Division. Again, Allstate removes a case pending in a Tennessee court in Haywood County. 28 U.S.C. § 1441(a).

### IV. TIMELINESS.

11) Allstate timely filed this notice. Because Allstate effectively received service of process on September 1, 2017, it had 30 days from that date, or through Monday, October 2, 2017, in which to file this notice of removal. 28 U.S.C. § 1446(b)(1); FED. R. CIV. P. 6(a)(1).

### V. FINAL MATTERS.

12) Allstate has contemporaneously filed in the Circuit Court of Tennessee, with service to Plaintiff, a notice of the removal of this case to this Court as required by 28 U.S.C. § 1446(d), a copy of which Notice of Filing of Notice of Removal is attached as Exhibit 5.

13) Allstate reserves all other rights and defenses.

14) This case shall henceforth proceed before this Court.

Respectfully submitted by,

HOLLEY, ELDER & MCWHIRTER, P.C.

By: /s/ H. Chase Pittman
_____
H. Chase Pittman        (Tenn. #22977)
Corporate Gardens
9032 Stone Walk Place
Germantown, TN 38138-7824
Tel., (901) 757-3367
Fax., (901) 757-3369
*Attorneys for Allstate*

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served upon the person(s) shown below via Regular U.S. Mail:

Michael J. Banks, Esq.
108 South Washington Avenue
Brownsville, TN 38012
*Attorney for Plaintiff*

On the 29th day of September, 2017.        /s/ H. Chase Pittman
_____
H. Chase Pittman